CHARLES C. CORRELL, JR. (SBN 258085)
 *ccorrell@kslaw.com*
JEANNE A. FUGATE (SBN 236341)
 *jfugate@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone:    (415) 318-1200
Facsimile:    (415) 318-1300

OLIVIA A. RADIN (*Pro Hac Vice Submitted Herewith*)
 *oradin@kslaw.com*
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Attorneys For Plaintiffs
TWITCH INTERACTIVE, INC. AND AMAZON.COM, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC., AMAZON.COM, INC., | Case No. _____ |
| Plaintiffs, | COMPLAINT |
| v. | **(DEMAND FOR JURY TRIAL)** |
| KIRILL KONSTANTINOVICH MALOFEYEV, | |
| Defendant. | |

COMPLAINT

## COMPLAINT

Plaintiffs Twitch Interactive, Inc. ("Twitch") and Amazon.com, Inc. ("Amazon" and collectively, "Plaintiffs"), by and through their undersigned attorneys, bring this Complaint against Defendant Kirill Konstantinovich Malofeyev ("Malofeyev" or "Defendant") and allege:

## NATURE OF THE ACTION

1.     Twitch and Amazon bring this action to seek the protection of the U.S. courts and enjoin Malofeyev from enforcing an invalid Russian judgment that he obtained in breach of contractual promises, and that, if enforced, would cause Twitch and Amazon irreparable harm.

2.     Malofeyev is a Russian national that the U.S. government sanctioned due to his role in a "worldwide sanctions evasion and malign influence network" led by his father, sanctioned Russian oligarch Konstantin Malofeyev.[1]  Malofeyev began using Twitch to stream videos of himself playing video games in 2013 and agreed to the Twitch Terms of Service (the "Terms of Service") and amendments thereto.  He also entered into a Content License and Base Network Agreement (the "Content License Agreement") with Twitch to earn revenues from his content (referred to as "monetization").

3.     The contracts mandate that disputes must be resolved through arbitration (as to the Terms of Service) or litigation (as to the Content License Agreement) in California and governed by California law.  Amazon was <u>not</u> a party to either agreement and did not provide Twitch streaming or monetization services to Malofeyev.

4.     Malofeyev sued both Twitch and Amazon in the Arbitrazh Court of the City of Moscow (the "Russian Arbitrazh Court") in violation of his contractual obligations with Twitch. Malofeyev asked the court to require Plaintiffs to provide services to him under the contracts. Malofeyev filed these claims in the Russian Arbitrazh Court even though Twitch had no physical presence in Russia and Malofeyev had no contractual relationship with Amazon.  Despite these and other clear procedural and substantive bars, the Russian Arbitrazh Court allowed the case to

---

[1] U.S. Dep't Treasury, *U.S. Treasury Designates Facilitators of Russian Sanctions Evasion*, Press Release (Apr. 20, 2022), https://home.treasury.gov/news/press-releases/jy0731.

proceed under a Russian law that was passed as a countermeasure to sanctions and purports to give sanctioned parties special rights to sue their U.S. counterparties in Russia.  In December 2022, Malofeyev obtained an unconscionable and oppressive judgment against Twitch and Amazon (the "Russian Judgment") for specific performance and a compounding penalty (called an "*astreinte*") under Russian law.  The penalty was initially 100,000 Russian rubles per day and purports to double each week without limit.  This penalty has already reached astronomical levels and continues to be more astronomical with each passing day.  This penalty is unjustified on any measure and is wholly disproportionate to the less than $2,000 that Malofeyev accrued from monetization during the entire life of the account.

5.      Malofeyev now seeks to enforce the Russian Judgment in Turkey (the "Turkish Enforcement Action"), and possibly elsewhere.  In addition, Malofeyev will likely attempt to prevent Amazon and Twitch from proceeding with this action by filing a lawsuit seeking injunctive relief in Russia under the same Russian law (*supra* ¶ 4) that was passed to counter sanctions (an "anti-suit injunction").  Twitch and Amazon therefore seek, *inter alia*, to enjoin Malofeyev from pursuing the Turkish Enforcement Action, any other pending or future enforcement actions, or any anti-suit injunction in Russia and compel arbitration of claims in California under the Terms of Service.

## **PARTIES**

6.      Twitch is incorporated in Delaware, with its principal place of business in San Francisco, California.  Twitch is a real-time live-streaming video service where community members gather to watch, play, and chat about shared interests—predominantly video games, but also sports, creative arts, current events, and others.  Twitch users who share live content on Twitch's website and related services, software, and networks (the "Twitch Services")—known as "streamers"—pursue their interests to engage and entertain their viewers.  People from around the world who are fans of a particular video game, subject area, or streamer use Twitch to find, view, and engage with the content that interests them.

7.      Amazon is a technology company incorporated in Delaware, with its principal place

of business in Seattle, Washington.  Amazon is the parent company of Twitch.

8.      Defendant Malofeyev was an individual user of the Twitch Services and could monetize, i.e., earn revenue from, his user-generated content displayed on his Twitch account, for example through advertising and subscription fees.  Malofeyev is a person designated as a sanctioned party by the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") on its Specially Designated Nationals and Blocked Persons List and, on information and belief, resides in Russia.

## JURISDICTION

9.      This Court has subject-matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1332(a)(2).  Defendant and Plaintiffs are completely diverse.  Twitch is a Delaware corporation with its principal place of business in California.  Amazon is a Delaware corporation with its principal place of business in Washington.  On information and belief, Malofeyev is a citizen of Russia, a foreign state.  Further, the amount in controversy far exceeds $75,000, exclusive of interest and costs, based on the compounding penalty that the Russian Judgment has imposed jointly and severally on Twitch and Amazon and the damages Twitch and Amazon have suffered from Malofeyev's contractual breaches.

10.     This Court also has subject-matter jurisdiction over this action pursuant to 9 U.S.C. § 4 by virtue of Twitch and Malofeyev's agreement to arbitrate all disputes under the Terms of Service.  The Terms of Service, as amended, provide in Section 15(d)(i) that any dispute arising from the Terms of Service or Malofeyev's use of the Twitch Services will be arbitrated in Santa Clara County, California (the "Arbitration Agreement").  (Ex. A § 15(d)(i).)

11.     This Court also has subject-matter jurisdiction over this action pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), to which the Russian Federation and the United States are parties.  An arbitration agreement "arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the convention."  9 U.S.C. § 202.  United States district courts "shall have

original jurisdiction" over any action or proceeding "falling under the Convention" because it shall be "deemed to arise under the laws and treatises of the United States." 9 U.S.C. § 203.

12.    This Court is authorized to award the requested declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  An "actual controversy" exists in the Northern District of California regarding Twitch and Amazon because the Russian Judgment compels Plaintiffs to take action in the United States.

13.    This Court has personal jurisdiction over Malofeyev because he agreed to be subject to the jurisdiction of this Court.  The Content License Agreement contains a governing law, jurisdiction, and venue clause that provides: "[t]he Parties hereby consent to the exclusive jurisdiction and venue" of the "courts located within San Francisco County in the State of California" and "hereby waive any jurisdictional or venue defenses otherwise available to them." (Ex. B § 9.3.)  In addition, pursuant to the Terms of Service as amended, Malofeyev consented to personal jurisdiction in the Northern District of California by agreeing to arbitrate all disputes arising from the Terms of Service or his use of the Twitch Services in Santa Clara County, California.  (Ex. A § 15(d)(i).)

14.    Malofeyev also has sufficient minimum contacts with California and the United States because Malofeyev seeks to cause Twitch and Amazon to take action within California and the United States to comply with the Russian Judgment—specifically, to take actions to restore his Twitch account, provide the Twitch Services and make a payment in accordance with the compounding penalty imposed by the Russian Judgment.

**DIVISIONAL ASSIGNMENT**

15.    Venue is proper in the San Francisco Division because Malofeyev "consent[ed] to the exclusive jurisdiction and venue" of the "courts located within San Francisco County in the State of California" and waived "any jurisdictional or venue defenses" under the Content License Agreement.  (Ex. B § 9.3.)  Venue also lies in this District and Division because Malofeyev consented to venue in the Northern District of California under the Terms of Service as amended and because, under 28 U.S.C. § 1391(b)(2), a substantial part of the events or omissions giving rise

to the claims, namely the suspension of his Twitch account, the Twitch Services and monetization services, occurred in San Francisco.  (*See* Ex. A § 15(d)(i).)

## FACTUAL BACKGROUND

**A.      Malofeyev Creates a Twitch Account and Agrees to the Twitch Terms of Service.**

16.      On or about May 19, 2013,  Malofeyev created a Twitch account using the name "likkrit" (the "Account") and thereafter began streaming content on his channel showing himself playing video games.

17.      When Malofeyev created the Account, he agreed to the Terms of Service.  (Ex. C.) Amazon was not a party to the Terms of Service.

18.      The Terms of Service established that "Twitch, in its sole discretion, for any or no reason, and without penalty, may terminate any account (or any part thereof) you may have with Twitch or your use of the Twitch Service and remove and discard all or any part of your account, User profile, and any Broadcaster Content, at any time." (Ex. C § 11(1).)  In return for agreeing to the Terms of Service, Malofeyev was granted use of the Twitch Services, including "all related services,  software  applications  and  networks  that  allow  for  the  authorized  streaming  and distribution of video content over the internet."  (*Id.* § 1.)

19.      The Terms of Service further provided that Malofeyev's continued use of the Twitch Services would constitute his binding agreement to any future amendments, modifications to, and iterations of the Terms of Service.  (Ex. C § 5.)  The Terms of Service were amended at various times between 2013 and April 2022, with the latest applicable amendments dated January 1, 2021. (Ex. A.)  Malofeyev agreed to these amendments through his continued use of the Twitch Services.

20.      The amended Terms of Service included the Arbitration Agreement, under which Malofeyev agreed to arbitrate in California all disputes arising from the Terms of Service or his use of the Twitch Services, such as disputes relating to the termination, suspension, or reinstatement of those services.  The Terms of Service, as amended, stated that:

> You and Twitch agree to arbitrate any dispute arising from these Terms of Service or your use of the Twitch Services . . . .  ARBITRATION PREVENTS YOU FROM SUING IN COURT OR FROM HAVING A JURY TRIAL. . . .  You and Twitch

further agree . . . that any arbitration will occur in Santa Clara County, California; that arbitration will be conducted confidentially by a single arbitrator in accordance with the rules of JAMS . . . .  Any dispute between the parties will be governed by this Agreement and the laws of the State of California and applicable United States law, without giving effect to any conflict of laws principles that may provide for the application of the law of another jurisdiction.
(Ex. A § 15(d)(i).[2])

21.     Under the amended Terms of Service, Malofeyev also agreed that Twitch could block or terminate his account at any time: "To the fullest extent permitted by applicable law, Twitch reserves the right, without notice and in our sole discretion, to terminate your license to use the Twitch Services (including to post User Content) and to block or prevent your future access to and use of the Twitch Services, including where we reasonably consider that: (a) your use of the Twitch Services violates these Terms of Service or applicable law . . . ."  (Ex. A § 14.)

22.     The Twitch Community Guidelines (the "Community Guidelines") are a set of policies relating to user-generated content and behavior.  In the amended Terms of Service, Malofeyev agreed that he would "comply with these Terms of Service and Twitch's Community Guidelines."  (Ex. A § 9.)  The Community Guidelines stated that "we at Twitch reserve the right to suspend any account at any time for any conduct we determine to be inappropriate or harmful."  (Ex. D at 2.)  The Community Guidelines referred to the Twitch "About Suspensions" page, which was hyperlinked in the Community Guidelines.  The "About Suspensions" page stated: "If you are indefinitely suspended, you will not be able to utilize Twitch monetization tools during your suspension and existing recurring subscriptions to your channel will not renew."  (Ex. E at 2.)

**B.     Malofeyev Enters into the Content License Agreement.**

23.     On February 3, 2016, Malofeyev entered into the Content License Agreement with Twitch to monetize his user-generated content on Twitch, *i.e.*, the content he created, streamed, and/or stored on his Account, through, for example, advertising and subscription fees.  Amazon was not a party to the Content License Agreement.

24.     The Content License Agreement contained a forum-selection clause at Section 9.3,

---

[2] Section 15(d)(ii) of the Terms of Service contains an exception to the arbitrability of claims if a party "is a resident in any jurisdiction in which the [arbitration provision] is found to be unenforceable."  (Ex. A § 15(d)(ii).)  This exception does not apply here.

under which Malofeyev agreed that any "legal suit, action or proceeding arising out of or relating to this Agreement by a Party will be resolved by litigation in the courts located within San Francisco County in the State of California" (the "Forum-Selection Clause").  (Ex. B § 9.3.)  The parties "consent[ed] to the exclusive jurisdiction and venue of such courts, and "waive[d] any jurisdictional or venue defenses otherwise available to them."  (*Id*.)

**C.      Malofeyev Is Sanctioned, and Twitch Suspends His Account Indefinitely.**

25.      After Russia's full-scale invasion of Ukraine in February 2022, the U.S. government imposed additional economic sanctions on Russian individuals and entities.  On April 20, 2022, OFAC designated Malofeyev as a sanctioned party for his involvement "in attempts to evade sanctions imposed by the United States and its international partners on Russia."[3]  OFAC's designation of Malofeyev was a part of the U.S. government's efforts to target a "worldwide sanctions evasion and malign influence network" led by Defendant's father.[4]

26.      Following OFAC's designation, Twitch ceased doing business with Malofeyev.  On April 27, 2022, Twitch provided notice to Malofeyev that Twitch had suspended his Account and restricted his access to the Twitch Services indefinitely due to U.S. sanctions (the "Account Suspension").

27.      After his Account was suspended, Malofeyev no longer had access to the Account or monetization services.

**D.      Malofeyev Sues Twitch and Amazon Jointly in Russia, Breaching His Agreement to Resolve Disputes with Twitch in California.**

28.      Following the Account Suspension, Malofeyev filed lawsuits in Russia against Twitch and Amazon in or around June and October 2022, raising claims arising from the Terms of Service and his use of the Twitch Services and arising out of or relating to the Content License Agreement.  These suits were in clear violation of his agreement to resolve all disputes relating to

---

[3] *See* U.S. Dep't Treasury, *supra* note 1, at 1; Exec. Order No. 14024, Blocking Property With Respect to Specified Harmful Foreign Activities of the Government of the Russian Federation, 86 Fed. Reg. 20, 249 (Apr. 15, 2021).

[4] U.S. Dep't Treasury, *supra* note 1, at 2.

1  the Terms of Service, his use of the Twitch Services and the Content License Agreement in

2  California.  The suits also ignored that Amazon was not a party to either agreement.

3        29.  Malofeyev filed the June 2022 suit in the Russian Arbitrazh Court, which dismissed

4  it without prejudice.

5        30.  Malofeyev filed the October 2022 suit in the Perovsky District Court of Moscow,

6  which transferred the case back to the Russian Arbitrazh Court.  Per a later ruling by the Russian

7  Arbitrazh Court, *infra* ¶¶ 33-36, Malofeyev asserted, *inter alia*, that he entered into a contract with

8  Twitch by agreeing to the Terms of Service and he began receiving monetization under the Content

9  License Agreement.  He requested that the Russian Arbitrazh Court "invalidate repudiation" of the

10  Content License Agreement and Terms of Service and order Twitch and Amazon to reinstate

11  services or pay an *astreinte*.

12        31.  On or about November 3, 2022, the Russian Arbitrazh Court issued an *ex parte*

13  ruling accepting the case for consideration and setting an in-person hearing on December 8, 2022.

14        32.  Twitch and Amazon received notice of the December 8, 2022 hearing only a few

15  days before it took place.  This notice was inadequate, and Plaintiffs were not present or represented

16  at the hearing.

17        33.  The Russian Arbitrazh Court ruled on the merits of Malofeyev's claims at the

18  December 8, 2022 hearing.  The court applied Russian law, even though the Terms of Service and

19  the Content License Agreement are governed by California law.  In particular, the court cited

20  Russian Law No. 127-FZ, which is specifically designated, per its title, to "Influence (Counter)

21  Unfriendly Actions of [the] USA and [O]ther [F]oreign [S]tates," to find that U.S. sanctions are

22  "unfriendly U.S. actions threatening the territorial integrity of the Russian Federation and aimed at

23  its economic and political destabilization."  (Ex. F at 3.)  The Russian Arbitrazh Court also

24  concluded that Article 248.1 of the Arbitrazh Procedural Code of the Russian Federation

25  established its jurisdiction over the dispute, because it involved a sanctioned party.  Article 248.1

26

27

28

was enacted by Russia in June 2020 under Law No. 171-FZ[5] to counter the impact of sanctions from "unfriendly foreign states," including the U.S., and purports to grant the Russian arbitrazh courts "exclusive jurisdiction" over disputes involving Russian individuals sanctioned by foreign states.[6] (Ex. G at 1.) These Russian laws deliberately favor Russian parties and have been abused to obtain onerous and unconscionable penalties against U.S. entities in violation of binding contractual agreements. The court asserted its jurisdiction even though Article 248.1 expressly carves out circumstances where jurisdiction is "otherwise provided by . . . agreement of the parties," such as in a forum-selection clause or arbitration agreement. (*Id.* at 1.)

34. The Russian Arbitrazh Court treated Amazon as a party to Malofeyev's agreements with Twitch based on Malofeyev's claims. The court concluded that Twitch is "100% . . . owned by Amazone.com Inc. [sic], which defines Twitch Interactive Inc.'s [sic] user policy." (Ex. F at 2.) Without any other factual basis, the Russian Arbitrazh Court held that Twitch and Amazon "collectively provide platform services to the users." (*Id.* at 5.)

35. The Russian Arbitrazh Court found in favor of Malofeyev's claim that Twitch and Amazon had violated his rights by suspending the Account and monetization services. The court found that Twitch and Amazon engaged in an "unlawful unilateral refusal to provide the services" under Russian law and ordered both Twitch and Amazon to restore Malofeyev's Account and provide Malofeyev with the Twitch Services and monetization under the applicable agreements. (Ex. F at 2.)

36. As requested by Malofeyev, the Russian Arbitrazh Court imposed a compounding penalty on Twitch and Amazon if they did not comply with the court's order for specific

---

[5] Law No. 171-FZ, also known as the "Lugovoy Law," is named after Andrey Lugovoy, the Russian MP who sponsored the bill. Lugovoy became a member of the State Duma after Russia refused his extradition to the United Kingdom on charges for his alleged role in the widely reported poisoning and murder of Alexander Litvinenko, a former KGB and later FSB officer, in London in 2006.

[6] Explanatory Note to Draft Law No. 754380-7 (subsequently Law No. 171-FZ); *see* Federal Law of the Russian Federation of June 8, 2020, No. 171-FZ, "On Amendments to the Arbitrazh Procedural Code of the Russian Federation in Order to Protect the Rights of Individuals and Legal Entities in Connection with Restrictive Measures Granted by a Foreign State, State Association and/or Union and/or State (Interstate) Institution of a Foreign State or State Association and/or Union."

performance, commencing in the amount of 100,000 Russian rubles for each day of non-performance and doubling each week without limit, reaching astronomical levels.  (Ex. F at 1, 5, 6.)  Because this penalty doubles each week, it purportedly is now larger than all the money in the world.  The *astreinte* is unjustified on any measure and is wholly disproportionate to the less-than-$2,000 in revenue generated by Malofeyev's Account while active.

**E.    Malofeyev Seeks to Enforce the Russian Judgment Outside of Russia Against Twitch and Amazon.**

37.    On November 3, 2023, Malofeyev filed the Turkish Enforcement Action to recognize and enforce the Russian Judgment and the *astreinte* penalty against Twitch and Amazon before the Istanbul 19th Commercial Court of First Instance in Turkey (the "Turkish Commercial Court").  (Ex. H.)

38.    Malofeyev served the Turkish Enforcement Action on a subsidiary of Amazon, Amazon Turkey Perakende Hizmetleri Şirketi ("Amazon Turkey"), which is based in Turkey. Malofeyev claimed that Amazon Turkey was a "representative" of Twitch and Amazon for the purpose of service.  (Ex. H at 1.)

39.    The Turkish Commercial Court held that Twitch and Amazon received service of the Turkish Enforcement Action by virtue of service on Amazon Turkey.

40.    At the time of this filing, the Turkish Enforcement Action is pending.  The first hearing on the merits is scheduled to take place on February 27, 2025.  All hearings to date have been on procedural matters.

**F.    Twitch and Amazon Will Be Irreparably Harmed by Malofeyev's Enforcement Efforts.**

41.    Plaintiffs will face irreparable harm from Malofeyev's enforcement attempts for the following reasons.

42.    *First*, Plaintiffs have been denied any remedy for Malofeyev's breach of the Arbitration Agreement in the Terms of Service and Forum Selection Clause in the Content License Agreement.  Plaintiffs have been deprived of legal certainty provided by those agreements and

subjected to the Russian courts' application of Russian laws specifically designed to undermine U.S. sanctions. Plaintiffs now must defend themselves against Malofeyev's efforts to enforce a court order that would compel Plaintiffs to provide services to a sanctioned party and pay a compounding penalty in violation of U.S. law.

43. *Second*, Amazon has further been deprived of legal certainty by Malofeyev's assertion of contract claims against Amazon. Amazon was named as a defendant in the Russian Judgment even though it had <u>no</u> contractual relationship with Malofeyev, is a separate legal entity from Twitch, and provided no services to Malofeyev. The Russian court nevertheless held Amazon and Twitch jointly liable without any basis in law or fact. Amazon will suffer irreparable harm from this loss of legal certainty as a result of Malofeyev's baseless claims.

44. *Finally*, Malofeyev seeks to enforce the Russian Judgment in his favor against Plaintiffs in Turkey and, on information and belief, in other jurisdictions. These enforcement attempts are a direct attempt to force Plaintiffs to provide services to a party against their will and pay a monetary penalty to a sanctioned party in violation of U.S. law. This causes Plaintiffs further harm due to their need to defend against this action and the risk that they may be compelled to do business with Malofeyev or pay a penalty and risk violating U.S. law.

45. Absent an order from this Court enjoining Malofeyev's efforts to enforce the Russian Judgment, compelling arbitration as to the Terms of Service, and declaring that Malofeyev must resolve all disputes arising from the Terms of Service or his use of the Twitch Services and arising out of or relating to the Content License Agreement in California as he agreed to do, Plaintiffs will continue to face the harms arising from his breach of contract.

46. Plaintiffs consequently bring this action for breach of contract, declaratory and injunctive relief, and to compel arbitration to stop Malofeyev's improper conduct.

## <u>FIRST CAUSE OF ACTION (AS TO TWITCH)</u>

**(Injunction – Breach of Forum-Selection Clause in the Content License Agreement)**

47. Twitch incorporates by reference paragraphs 1–46 as if fully set forth herein.

48. As described above, Malofeyev agreed to be bound by the Content License

Agreement, under which Twitch provided monetization services to Malofeyev. The Content License Agreement constitutes a valid and binding contract between Malofeyev and Twitch governed by California law.

49. Twitch has timely and fully performed, or has been excused from performing, all terms, conditions, and promises made by it under the Content License Agreement.

50. In Section 9.3 of the Content License Agreement, Malofeyev agreed to resolve all disputes arising out of or relating to the Content License Agreement by litigation in courts located within San Francisco County, California. (Ex. B § 9.3.)

51. Malofeyev breached Section 9.3 of the Content License Agreement by, among other things, filing claims against Twitch in Russian courts, including the Russian Arbitrazh Court, regarding the monetization services that Twitch provided to Malofeyev, which claims arose out of or related to the Content License Agreement. As a result of this breach, Malofeyev obtained the Russian Judgment.

52. Malofeyev continues to breach Section 9.3 of the Content License Agreement through his efforts to enforce the Russian Judgment.

53. As a direct and proximate result of Malofeyev's breach of Section 9.3 of the Content License Agreement, Twitch has suffered damages and faces irreparable harm.

**SECOND CAUSE OF ACTION (AS TO AMAZON)**

**(Injunction – Breach of Forum-Selection Clause in the Content License Agreement; Judicial Estoppel)**

54. Amazon incorporates by reference paragraphs 1–46 as if fully set forth herein.

55. As described above, Malofeyev agreed to be bound by the Content License Agreement, under which Twitch provided monetization services to Malofeyev. The Content License Agreement constitutes a valid and binding contract between Malofeyev and Twitch governed by California law.

56. Amazon was not a party to the Content License Agreement. However, Malofeyev filed claims arising out of or relating to the Content License Agreement against Amazon in Russian

courts, including the Russian Arbitrazh Court. By suing Amazon in Russian courts on this basis, Malofeyev therefore improperly sought to hold Amazon liable under the Content License Agreement and obtained the Russian Judgment on that basis.

57.    Malofeyev must now be held to Section 9.3 of the Content License Agreement as to Amazon. Malofeyev asserted before the Russian Arbitrazh Court that Amazon was liable for his claims arising out of or relating to the Content License Agreement. As a result, he is judicially estopped from denying the applicability of the Content License Agreement to any claims Amazon brings against him relating to that dispute. Otherwise, Amazon would face liability in a foreign jurisdiction for claims arising out of or relating to the Content License Agreement without having recourse under that agreement in the jurisdiction specified by Section 9.3 of that agreement.

58.    Because Amazon was not a party to the Content License Agreement and Malofeyev is held to its terms as to Amazon by estoppel, Amazon is excused from performing under it.

59.    In Section 9.3, Malofeyev agreed to resolve all disputes arising out of or relating to the Content License Agreement by litigation in courts located within San Francisco County, California. (Ex. B § 9.3.)

60.    Malofeyev breached Section 9.3 of the Content License Agreement by, among other things, filing claims against Amazon in Russian courts, including the Russian Arbitrazh Court, regarding the monetization services that Twitch provided to Malofeyev, which claims arose out of or related to the Content License Agreement. As a result of this breach, Malofeyev obtained the Russian Judgment.

61.    Malofeyev continues to breach Section 9.3 of the Content License Agreement through his efforts to enforce the Russian Judgment.

62.    As a direct and proximate result of Malofeyev's breach of Section 9.3 of the Content License Agreement, Amazon has suffered damages and faces irreparable harm.

### THIRD CAUSE OF ACTION (AS TO TWITCH)

**(Injunctive Relief – Breach of Arbitration Agreement in the Terms of Service)**

63.    Twitch incorporates by reference paragraphs 1–46 as if fully set forth herein.

COMPLAINT                                                    13

64.     As described above, Malofeyev agreed to be bound by the Terms of Service, under which Twitch provided the Account and the Twitch Services to Malofeyev, and amendments thereto.  The Terms of Service, as amended, constitutes a valid and binding contract between Malofeyev and Twitch governed by California law.

65.     Twitch has timely and fully performed, or has been excused from performing, all terms, conditions, and promises made by it under the Terms of Service, as amended.

66.     In Section 15(d)(i) of the Terms of Service, as amended, Malofeyev agreed to arbitrate any dispute arising from the Terms of Service or his use of the Twitch Services in Santa Clara County, California.  (Ex. A § 15(d)(i).)  The exception set forth in Section 15(d)(ii) does not apply here.

67.     Malofeyev refused to arbitrate his alleged disputes arising from the Terms of Service or his use of the Twitch Services.  Instead, Malofeyev filed claims against Twitch in Russian courts, including the Russian Arbitrazh Court, arising from the Terms of Service or his use of the Twitch Services, in breach of Section 15(d)(i) of the amended Terms of Service.  As a result of this breach, Malofeyev obtained the Russian Judgment.

68.     Malofeyev continues to breach Section 15(d)(i) of the amended Terms of Service through his efforts to enforce the Russian Judgment.

69.     As a direct and proximate result of Malofeyev's breach of Section 15(d)(i) of the amended Terms of Service, Twitch has suffered damages and faces irreparable harm.

## FOURTH CAUSE OF ACTION (AS TO AMAZON)

**(Injunctive Relief – Breach of Arbitration Agreement in the Terms of Service; Judicial Estoppel)**

70.     Amazon incorporates by reference paragraphs 1–46 as if fully set forth herein.

71.     As described above, Malofeyev agreed to be bound by the Terms of Service, under which Twitch provided the Account and the Twitch Services to Malofeyev, and amendments thereto.  The Terms of Service, as amended, constitutes a valid and binding contract between Malofeyev and Twitch governed by California law.

72.     Amazon was not a party to the Terms of Service.  However, Malofeyev filed claims arising from the Terms of Service or his use of the Twitch Services against Amazon in Russian courts, including the Russian Arbitrazh Court.  By suing Amazon in Russian courts on this basis, Malofeyev therefore improperly sought to hold Amazon liable under the Terms of Service and obtained the Russian Judgment on that basis.

73.     Malofeyev must now be held to Section 15(d)(i) of the Terms of Service as to Amazon.  Malofeyev asserted before the Russian Arbitrazh Court that Amazon was liable for his claims arising from the Terms of Service or his use of the Twitch Services.  As a result, he is judicially estopped from denying the applicability of the Terms of Service to any claims Amazon brings against him relating to that dispute.  Otherwise, Amazon would face liability in a foreign jurisdiction for claims arising from the Terms of Service or his use of the Twitch Services without having recourse under that agreement in the jurisdiction specified by Section 15(d)(i) of that agreement.

74.     Because Amazon was not a party to the Terms of Service and Malofeyev is held to its terms as to Amazon by estoppel, Amazon is excused from performing under it.

75.     In Section 15(d)(i) of the Terms of Service, as amended, Malofeyev agreed to arbitrate any dispute arising from the Terms of Service or his use of the Twitch Services in Santa Clara County, California.  (Ex. A § 15(d)(i).)  The exception set forth in Section 15(d)(ii) does not apply here.

76.     Malofeyev refused to arbitrate his alleged disputes arising from the Terms of Service or his use of the Twitch Services.  Instead, Malofeyev filed claims against Amazon in Russian courts, including the Russian Arbitrazh Court, arising from the Terms of Service or his use of the Twitch Services, in breach of Section 15(d)(i) of the amended Terms of Service.  As a result of this breach, Malofeyev obtained the Russian Judgment.

77.     Malofeyev continues to breach Section 15(d)(i) of the amended Terms of Service through his efforts to enforce the Russian Judgment.

78.     As a direct and proximate result of Malofeyev's breach of Section 15(d)(i) of the

Terms of Service, Amazon has suffered damages and faces irreparable harm.

**FIFTH CAUSE OF ACTION (AS TO TWITCH)**

**(Compel Arbitration – Terms of Service)**

79.    Twitch incorporates by reference paragraphs 1–46 as if fully set forth herein.

80.    As described above, Malofeyev agreed to be bound by the Terms of Service, under which Twitch provided the Account and the Twitch Services to Malofeyev, and amendments thereto.  The Terms of Service, as amended, constitutes a valid and binding contract between Malofeyev and Twitch governed by California law.

81.    Twitch has timely and fully performed, or has been excused from performing, all terms, conditions, and promises made by it under the Terms of Service, as amended.

82.    In Section 15(d)(i) of the Terms of Service as amended, Malofeyev agreed to arbitrate any dispute arising from the Terms of Service or his use of the Twitch Services in Santa Clara County, California.  (Ex. A § 15(d)(i).)  The exception set forth in Section 15(d)(ii) does not apply here.

83.    Malofeyev refused to arbitrate his alleged disputes arising from the Terms of Service or his use of the Twitch Services. Instead, Malofeyev filed claims against Twitch in Russian courts, including the Russian Arbitrazh Court, arising from the Terms of Service or his use of the Twitch Services, in breach of Section 15(d)(i) of the amended Terms of Service.  As a result of this breach, Malofeyev obtained the Russian Judgment.

84.    Malofeyev continues to breach Section 15(d)(i) of the amended Terms of Service through his efforts to enforce the Russian Judgment.

85.    Twitch and Amazon have noticed Malofeyev that all disputes arising from the Terms of Service or Malofeyev's use of the Twitch Services must be resolved by arbitration in Santa Clara County, California.

86.    Malofeyev's continued pursuit of the Turkish Enforcement Action establishes his further refusal to arbitrate.

87.    Section 15(d)(i) of the amended Terms of Service is enforceable by the Court

1   pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and the New York Convention, 9

2   U.S.C. §§ 200 *et seq.*, which obligate the Court, upon petition, to enter an order directing that

3   arbitration proceed in the manner provided for in the relevant agreement.  *See* 9 U.S.C. §§ 4, 206.

4   Twitch is entitled to an order from this Court compelling Malofeyev to arbitrate any claims arising

5   from the Terms of Service or his use of the Twitch Services in Santa Clara County, California.

### SIXTH CAUSE OF ACTION (AS TO AMAZON)

### (Compel Arbitration – Terms of Service; Judicial Estoppel)

8   88.   Amazon incorporates by reference paragraphs 1–46 as if fully set forth herein.

9   89.   As described above, Malofeyev agreed to be bound by the Terms of Service, under

10   which Twitch provided the Account and the Twitch Services to Malofeyev, and amendments

11   thereto.  The Terms of Service, as amended, constitutes a valid and binding contract between

12   Malofeyev and Twitch governed by California law.

13   90.   Amazon was not a party to the Terms of Service.  However, Malofeyev filed claims

14   arising from the Terms of Service or his use of the Twitch Services against Amazon in Russian

15   courts, including the Russian Arbitrazh Court.  By suing Amazon in Russian courts on this basis,

16   Malofeyev therefore improperly sought to hold Amazon liable under the Terms of Service and

17   obtained the Russian Judgment on that basis.

18   91.   Malofeyev must now be held to the Section 15(d)(i) the Terms of Service as to

19   Amazon.  Malofeyev asserted before the Russian Arbitrazh Court that Amazon was liable for his

20   claims arising from the Terms of Service or his use of the Twitch Services.  As a result, he is

21   judicially estopped from denying the applicability of the Terms of Service to any claims Amazon

22   brings against him relating to that dispute.  Otherwise, Amazon would face liability in a foreign

23   jurisdiction for claims arising from the Terms of Service or his use of the Twitch Services without

24   having recourse under that agreement in the jurisdiction specified by Section 15(d)(i) of that

25   agreement.

26   92.   Because Amazon was not a party to the Terms of Service and Malofeyev is held to

27   its terms as to Amazon by estoppel, Amazon is excused from performing under it.

28

COMPLAINT                                           17

93.    In Section 15(d)(i) of the Terms of Service, as amended, Malofeyev agreed to arbitrate any dispute arising from the Terms of Service or his use of the Twitch Services in Santa Clara County, California.  (Ex. A § 15(d)(i).)  The exception set forth in Section 15(d)(ii) does not apply here.

94.    Malofeyev refused to arbitrate his alleged disputes arising from the Terms of Service or his use of the Twitch Services.  Instead, Malofeyev filed claims against Amazon in Russian courts, including the Russian Arbitrazh Court, arising from the Terms of Service or his use of the Twitch Services, in breach of Section 15(d)(i) of the amended Terms of Service.  As a result of this breach, Malofeyev obtained the Russian Judgment.

95.    Malofeyev continues to breach Section 15(d)(i) of the amended Terms of Service through his efforts to enforce the Russian Judgment.

96.    Amazon and Twitch have noticed Malofeyev that all disputes arising from the Terms of Service or Malofeyev's use of the Twitch Services must be resolved by arbitration in Santa Clara County, California.

97.    Malofeyev's continued pursuit of the Turkish Enforcement Action establishes his further refusal to arbitrate.

98.    Section 15(d)(i) of the Terms of Service is enforceable by the Court pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and the New York Convention, 9 U.S.C. §§ 200 *et seq.*, which obligate the Court, upon petition, to enter an order directing that arbitration proceed in the manner provided for in the relevant agreement.  *See* 9 U.S.C. §§ 4, 206.  Amazon is entitled to an order from this Court compelling Malofeyev to arbitrate any claims arising from the Terms of Service or his use of the Twitch Services in Santa Clara County, California.

## SEVENTH CAUSE OF ACTION (AS TO TWITCH)

### (Declarations Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201)

99.    Twitch incorporates by reference paragraphs 1–46 as if fully set forth herein.

100.    As described above, Malofeyev agreed to be bound by the Terms of Service, under which Twitch provided the Account and the Twitch Services to Malofeyev, and amendments

thereto, and the Content License Agreement, under which Twitch provided monetization services to Malofeyev. The Terms of Service, as amended, and the Content License Agreement constitute valid and binding contracts between Malofeyev and Twitch governed by California law.

101.    Twitch has timely and fully performed, or has been excused from performing, all terms, conditions, and promises made by it under the Terms of Service as amended and the Content License Agreement.

102.    There is an actual, justiciable, and substantial controversy present and existing between Twitch and Malofeyev concerning their rights and obligations under the contracts at issue.

103.    A judicial determination is necessary and required at this stage to adjudicate Twitch's respective rights and obligations herein.

104.    A declaratory judgment would serve the necessary purpose of clarifying and settling the legal relations between the parties, finalizing the controversy, and offering relief from the significant uncertainty and potential harm that currently exists. The substantial controversy between the parties regarding these issues is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

105.    Accordingly, pursuant to this cause of action, Twitch is consequently entitled to declarations, including that:

    a.    Malofeyev must resolve any dispute arising from the Terms of Service or his use of the Twitch Services, including relating to the suspension of the Account, in arbitration in Santa Clara County, California;

    b.    Malofeyev must resolve all disputes arising out of or relating to the Content License Agreement, including relating to the suspension of monetization services, by litigation in courts located within San Francisco County, California;

    c.    Malofeyev obtained the Russian Judgment in breach of the parties' agreements to resolve disputes in California;

1       d.  The Russian Arbitrazh Court lacked jurisdiction over Malofeyev's suit, as

2          Twitch and Malofeyev contracted to resolve any dispute arising from the

3          Terms of Service or Malofeyev's use of the Twitch Services and all disputes

4          arising out of or relating to the Content License Agreement in California;

5       e.  The Russian Judgment was obtained without adequate notice and imposes

6          an unconscionable penal judgment on Twitch;

7       f.  Malofeyev's efforts to enforce the Russian Judgment, including in the

8          Turkish Enforcement Action, constitute a further breach of the Terms of

9          Service and the Content License Agreement; and

10      g.  Malofeyev's efforts to enforce the Russian Judgment, including in the

11          Turkish Enforcement Action, are contrary to public policy because the

12          enforcement risks causing Twitch to violate U.S. sanctions law.

13          **EIGHTH CAUSE OF ACTION (AS TO AMAZON)**

14      **(Declarations Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201)**

15      106.    Amazon incorporates by reference paragraphs 1–46 as if fully set forth herein.

16      107.    As described above, Malofeyev agreed to be bound by the Terms of Service, under

17 which Twitch provided the Account and the Twitch Services to Malofeyev, and amendments

18 thereto, and the Content License Agreement, under which Twitch provided monetization services

19 to Malofeyev.  The Terms of Service, as amended, and the Content License Agreement constitute

20 valid and binding contracts between Malofeyev and Twitch governed by California law.

21      108.    Amazon was not a party to the Terms of Service or the Content License Agreement.

22 However, Malofeyev filed claims against Amazon in Russian courts, including the Russian

23 Arbitrazh Court, arising from the Terms of Service or his use of the Twitch Services and arising

24 out of or relating to the Content License Agreement.  By suing Amazon in Russian courts on this

25 basis, Malofeyev therefore improperly sought to hold Amazon liable under the Terms of Service

26 and the Content License Agreement and obtained the Russian Judgment on that basis.

27      109.    Malofeyev must now be held to Section 15(d)(i) of the amended Terms of Service

28

1   and Section 9.3 of the Content License Agreement as to Amazon.  Malofeyev asserted before the

2   Russian Arbitrazh Court that Amazon was liable for his claims arising from the Terms of Service,

3   his use of the Twitch Services and the Content License Agreement.  As a result, he is judicially

4   estopped from denying the applicability of those agreements to any claims Amazon brings against

5   him relating to that dispute.  Otherwise, Amazon would face liability in a foreign jurisdiction for

6   claims arising from those agreements without having recourse under them in the jurisdiction

7   specified by them.

8       110.   Because Amazon was not a party to the Terms of Service or Content License

9   Agreement and Malofeyev is held to their terms as to Amazon by estoppel, Amazon is excused

10  from performing under them.

11      111.    There is an actual, justiciable, and substantial controversy present and existing

12  between Amazon and Malofeyev concerning their rights and obligations under the contracts at

13  issue.

14      112.   A judicial determination is necessary and required at this stage to adjudicate

15  Amazon's respective rights and obligations herein.

16      113.   A declaratory judgment would serve the necessary purpose of clarifying and settling

17  the legal relations between the parties, finalizing the controversy, and offering relief from the

18  significant uncertainty and potential harm that currently exists.  The substantial controversy

19  between the parties regarding these issues is of sufficient immediacy and reality to warrant the

20  issuance of a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-

21  02.

22      114.   Accordingly, pursuant to this cause of action, Amazon is consequently entitled to

23  declarations, including that:

24          a.   Amazon was, at all times, a separate legal entity from Twitch, and may not

25              be subject to liability under California law solely on the basis of Amazon's

26              ownership of Twitch;

27          b.   Malofeyev must resolve any dispute arising from the Terms of Service or his

28

COMPLAINT                                21

use of the Twitch Services, including relating to the suspension of the Account, in arbitration in Santa Clara County, California;

c. Malofeyev must resolve all disputes arising out of or relating to the Content License Agreement, including relating to the suspension of monetization services, by litigation in courts located within San Francisco County, California;

d. Malofeyev obtained the Russian Judgment in breach of his agreement to resolve disputes in California;

e. The Russian Arbitrazh Court lacked jurisdiction over Malofeyev's suit, as Amazon was not a party to the Terms of Service or Content License Agreement and Twitch and Malofeyev contracted to resolve any dispute arising from those agreements in California;

f. The Russian Judgment was obtained without adequate notice and imposes an unconscionable penal judgment on Amazon;

g. Malofeyev's efforts to enforce the Russian Judgment, including in the Turkish Enforcement Action, constitute a further breach of the Terms of Service and the Content License Agreement; and

h. Malofeyev's efforts to enforce the Russian Judgment, including in the Turkish Enforcement Action, are contrary to public policy because the enforcement risks causing Amazon to violate U.S. sanctions law.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Twitch and Amazon and against Defendant, as follows:

1. Declaring Twitch's rights and obligations as set forth above;

2. Declaring Amazon's rights and obligations as set forth above;

3. Enjoining Malofeyev, his officers, agents, servants, employees and attorneys, and all those in active concert or participation with him, whether acting directly or indirectly, in the

COMPLAINT

United States, Turkey, or elsewhere from commencing, prosecuting, continuing, taking any steps in, or otherwise participating in any proceedings to enforce the Russian Judgment against Twitch and Amazon, or any of their current or former affiliates, or any of their officers, agents, servants, employees, or attorneys, in any forum other than the arbitration proceedings mandated by the terms of the Terms of Service or the courts of San Francisco County, California, as called for by Section 15(d)(i) of the Terms of Service and Section 9.3 of the Content License Agreement;

4.    Enjoining Malofeyev, his officers, agents, servants, employees and attorneys, and all those in active concert or participation with him, whether acting directly or indirectly, from commencing, prosecuting, continuing, taking any steps in, or otherwise participating in any proceedings in the Russian Federation intended to restrain or impede Twitch or Amazon from pursuing this action;

5.    For an order compelling arbitration of any claims arising from the Terms of Service or Malofeyev's use of the Twitch Services in California in accordance with Section 15(d)(i) of the Terms of Service;

6.    For all damages caused by Malofeyev's breach of Section 9.3 of the Content License Agreement;

7.    For interest on the full amount of damages;

8.    For Plaintiffs' attorneys' fees according to proof to the extent permitted by law; and

9.    Granting such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Twitch and Amazon respectfully request a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure for all issues so triable in this action.

1   Dated: February 20, 2025

2

3                                                    By:      */s/ Jeanne A. Fugate*

4                                                            OLIVIA A. RADIN
                                                             CHARLES C. CORRELL, JR.
5                                                            JEANNE A. FUGATE

6                                                            *Attorneys for Plaintiffs*
                                                             TWITCH INTERACTIVE, INC.
7                                                            AMAZON.COM, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                          24